## ACE RAY v. STATE.

No. A-1820.   Opinion Filed December 16, 1913.

(136 Pac. 980.)

1.   **HOMICIDE—Instructions—Evidence.** It is not error for the court to charge the jury that under the law a person would be guilty of robbery if he took whisky, money, or other property from the immediate presence of the person of the injured party, against his will, by means of force or fear.

2.   **SAME—Submission of Issues—Murder—Elements of Offense.** (a) When the facts plainly disclose that a homicide occurred in an attempt to perpetrate a robbery or other felony, the issue of man-

slaughter should not be submitted to the jury.

(b)  Premeditated design to effect death is not an element of murder committed in the perpetration of a felony.

3.  **SAME—Self-Defense—Refusal of Instructions.**  When the proof clearly discloses the fact that an accused was the aggressor and brought on the difficulty by violent and felonious action and without any justification from the deceased, and there is no proof indicating that such accused had withdrawn from the controversy, the law of self-defense cannot be invoked, and it is not error for the court to decline to give an instruction attempting to submit any such issue.

*Appeal from District Court, Washington County;*
*R. H. Hudson, Judge.*

Ace Ray was convicted of murder, and brings error. Affirmed.

*J. R. Charlton,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.  Plaintiff in error, Ace Ray, was convicted at the February, 1912, term of the district court of Washington county on a charge of murder; the information having charged him, with Vernie Neal, jointly with the murder of James D. Terry in said county in December, 1911.  Separate trials were had in which it appears that both parties were convicted and given life imprisonment.  This appeal involves the trial of Ray only.

The proof on behalf of the state is to the effect that Vernie Neal and Ace Ray, on the night before the killing, were drinking heavily and having considerable trouble.  The record discloses that they were engaged in a number of affrays.  Early on the morning of the homicide they went to the place of Jesse Boyd and procured a revolver by force, which was taken charge of by Neal.  A short distance from the scene of the homicide and immediately after the revolver was secured, the deceased and a person driving a buggy were met in the road.  Neal drew the gun and forced the person driving the buggy to get out of the vicinity hurriedly.  He then turned to the deceased, pointed the gun at him, and required him to go to his place of business and open up his house; he and the accused Ray following closely

behind with the pistol continuously pointed at the deceased. He demanded that the deceased give them whisky and threatened to kill him if he did not. The deceased refused them the whisky. Some words were passed, and the deceased informed them again that he would not give them whisky, and replied, to their demands that they would kill him if he did not, that they would have to kill him. A shot was heard, and shortly afterward the deceased was found lying on the floor of his place, dead from the effects of a bullet wound. The accused made a statement in which he gave some of the details of the killing in line with the state's contentions. These statements were never contradicted by any one. One witness testified to the immediate facts surrounding the killing, including the shooting. The principal efforts on behalf of the accused appear to have been expended in trying to contradict and discredit the testimony of this witness, which in many details was contradicted, and his story is more or less improbable and unsatisfactory. The proof on behalf of the state, however, independent of this testimony, is entirely sufficient to warrant a conviction. The theory of the state was that the accused and Vernie Neal conspired together to rob the deceased, James D. Terry, and that in the perpetration of this robbery Terry was killed. There is no doubt in our minds that this theory is correct.

Counsel for plaintiff in error have filed a memorandum brief in which it is argued that the court committed error in charging the jury as follows:

"You are instructed that if you find and believe from the evidence in this case, beyond a reasonable doubt, that on or about the 7th day of December, 1911, in Washington county, state of Oklahoma, the defendant, Ace Ray, and one Vernie Neal conspired and confederated together to wrongfully take from the possession of the deceased, James D. Terry, from his person or immediate presence, and against his will by means of force or putting him in fear of an unlawful injury, immediate or future, to his person or property, whisky, money, or other property, of no matter how trifling value," etc.

Counsel contend that this instruction is erroneous and base their contention on the ground that whisky kept for an illegal

purpose is not property and therefore could not be subject to larceny or robbery. For the purpose of this case it is not necessary for us to determine whether or not whisky kept for illegal purposes is subject to larceny and robbery. It is sufficient to say that the proof nowhere discloses that the whisky sought by the accused and his co-conspirator was being kept for an unlawful purpose.

Counsel next contend that the court erred in failing to define the crime of manslaughter in the first degree. With this contention we cannot agree. The only error committed by the court was in referring to manslaughter at all. There is no element of manslaughter disclosed by the proof in the record. There is no plea of insanity invoked at the trial of the case, and a man who is not so drunk but that he can have three or four fights and by main strength take from another a loaded revolver and go out on the highway intimidating and harassing the citizens, and then undertake to rob somebody of his money or other property, is not entitled to mitigating consideration at the hands of the courts and juries of the country. The theory upon which the instruction of manslaughter was given was that, if the accused was too drunk to form the premeditated design contemplated by law, he would not be guilty of murder. Counsel is in error in this, for the reason that premeditated design to effect death is not an element of murder committed in the perpetration of robbery.

The only other proposition raised by counsel that we feel called upon to discuss is the question of the court's failure to give the law of justifiable homicide. This assignment is wholly without merit. Nowhere in the record is there a suggestion of proof on behalf of the accused or the state that the law of self-defense was relied upon. We have said many times that under the law in this state a person cannot provoke a difficulty by assaulting his opponent and killing him, and then justify himself under the law of self-defense, and especially so when there is no provocation for the assault in the first place. Whatever reason there may be for the rule, it is much stronger when a person goes out on the highway and at the point of a six-shooter

marches an individual over the country into his place of business and demands that he give up his belongings or be killed, and then, when a difficulty ensues, kills him. There could be no element of self-defense pleaded. The only mitigating circumstances in this entire record, from the viewpoint of the writer, is that the accused, Ace Ray, was probably less guilty than his co-conspirator, Vernie Neal. Neal seems to have been the leader and the man who used the gun; Ray making him a willing companion in all his controversies, encounters, and efforts. This probably accounts for the fact that the death penalty was not inflicted.

We find no reason to interfere with the judgment of the trial court. It is therefore in all things affirmed.

DOYLE, J., concurs. FURMAN, J., absent and not participating.