## VOLNEY DAVIS v. STATE.

No. A-4777.  Opinion Filed July 19, 1924.

(227 Pac. 848.)

(Syllabus.)

1. **Homicide—Instruction for Verdict of Murder or Acquittal Held not Erroneous.**  Where the evidence shows that the homicide was committed while the accused or his confederates were attempting to commit a robbery and there is no evidence tending to show that the offense was manslaughter or excusable or justifiable homicide, it was not error for the court to instruct the jury they should either find a verdict for murder or acquit the defendant.

2. **Homicide—Evidence Sustaining Conviction for Murder.**  The evidence held sufficient to sustain the verdict.

Appeal from District Court, Tulsa County; W. B. Williams, Judge.

Volney Davis was convicted of murder, and he appeals. Affirmed.

Luther James, for plaintiff in error.

The Attorney General, for the State.

BESSEY, J.  Plaintiff in error, Volney Davis, defendant below, was on January 27, 1923, in the district court of Tulsa county, convicted of murder for the assassination of an aged night watchman in an attempted robbery of a safe in the watchman's charge.  This is a companion case to the case of Doc Barker v. State, 27 Okla. Cr. 305, 227 Pac. 846, recently affirmed by this court.  The state's evidence in the two cases, so far as it affects the important issues involved, was for the most part the same, or similar. Two important witnesses for the state may have been accomplices, but the trial court in apt language instructed the jury as to the necessity for corroboration of the evidence of accomplices.  The record shows also that there were a number of facts and circumstances proven by other disinterested witnesses which sufficiently corroborated the accomplices, if indeed both were accomplices.

The assignments of error are that the evidence is insufficient to sustain the verdict, and alleged erroneous instructions to the jury.

[The facts and circumstances which were outlined in general in the Barker Case need not be here reiterated.  We find the evidence in the instant case sufficient to sustain the verdict rendered.

The defendant excepted to the following instruction:

"You are instructed that homicide is the killing of one human being by another, and is divided into five degrees or classes, namely: Murder, first degree manslaughter, second degree manslaughter, excusable homicide, and justifiable homicide.

"Homicide is murder: First, when perpetrated without authority of law and with the premeditated design to effect the death of the person killed or any other human being; second, when perpetrated without design to effect death by a person engaged in the commission of a felony.  You are in-

structed that there has been introduced in this case no evidence showing or tending to show that the alleged killing is first degree manslaughter, second degree manslaughter, excusable or justifiable homicide, as such terms are used in the statute. The issue thus formed as determined by the court for you to decide is only whether or not the defendant is guilty of the crime of murder.''

Under the evidence there was no showing of manslaughter in either degree, nor of excusable or justifiable homicide. The accused and his several confederates under the evidence were either guilty of murder or entitled to an acquittal. Lovejoy v. State, 18 Okla. Cr. 335, 194 Pac. 1087. This homicide was committed in the course of an attempt to rob a safe in the custody of Thomas J. Terrill, and old night watchman, by the use of deadly and dangerous weapons, evincing extreme moral depravity on the part of the perpetrators, and an utter disregard for human life. Defendant complains that instruction No. 8B in relation to those features of the evidence was erroneous because the court told the jury that, if they found that the homicidal act was perpetrated by the accused while in the act of committing a felony or under circumstances imminently dangerous to others, evincing a depraved mind, regardless of human life, ''with or without a premeditated design to effect the death of Thomas J. Terrill,'' the accused was guilty of murder. This was a correct statement of the law on premeditation, as embodied in subdivisions 2 and 3 of section 1733, Comp. Stat. 1921, defining murder in practically the language used by the court. Ray v. State, 10 Okla. Cr. 403, 136 Pac. 980; Lovejoy v. State, supra.

The other objections to instructions criticized are unimportant, and without merit.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.